BYRD *against* CUMMINS.

ERROR *to Pulaski Circuit Court.*

In a declaration upon the following instrument; "Received April 11, 1832, of R. C.
    Byrd by credit of my accounts and by cash in hand paid $350, which I bind my-
    self to refund to said Byrd or cause to be placed to his credit on a judgment when
    obtained against him, as security for C. D. in favor &c.," a special request to re-
    fund or place to the credit of A. B. is necessary.
And this, though the declaration avers that Byrd has had judgment in his favor in the
    suit, and though the declaration contains the common averment, "although often
    requested."
The money was held, on such a contract, to be refunded on request, or appropriated
    to payment of the judgment. It was for Byrd to determine whether he would wait
    for the happening of the contingency, or require the money to be refunded, which
    he might have done at once.
Although the defendant has no right to oyer, yet if he demands and the plaintiff
    grants it, the defendant is entitled to take the whole instrument as part of the
    declaration.

This was an action of assumpsit.   Byrd complained that Cummins,
having brought suit, as attorney for Sarah Chandler, in Pulaski Cir-
cuit Court, against Byrd as security for Alexander W. Cotton, togeth-
er with John H. Cocke as security for Cotton, in an action of debt on
a bail bond, became indebted to Byrd by credit allowed him on his
accounts with Byrd, and by cash, in the sum of $350, made a certain
writing, dated April 11, 1832, and thereby acknowledged to have
received of Byrd the sum of $350 by credit on accounts and cash, and
bound himself to refund to Byrd, or cause to be placed to his credit
on the judgment, when the same should be obtained in the suit afore-
said, the said sum of $350.   The declaration then stated, that Byrd
obtained judgment in the Circuit Court against said Sarah Chandler,
who sued her writ of error, and at the July Term, 1838, of the Su-
preme Court the judgment was affirmed : So that Cummins became
liable to repay the money &c., but has not paid, though often re-
quested &c.

No profert was made of the writing mentioned.

The defendant craved oyer of the writing mentioned in the declar-
ation, which the record states was granted by filing the original.

At the next term Cummins demurred for a supposed variance between "said supposed writing filed on oyer," and the declaration. The writing was not set out in, or copied into, the demurrer, or any other pleading. But the clerk copied in the record a paper in the following words: "Rec'd April 11, 1832, of Richard C. Byrd, by credit of my accounts, and by cash in hand paid, the sum of three hundred and fifty dollars, and which I bind myself to refund to said Byrd, or cause to be placed to his credit, on a judgment, when obtained, against him as security for A. W. Cotton, in favor of Sarah Chandler. *Wm. Cummins, attorney for Sarah Chandler.*" And on the margin of this paper on the transcript the clerk endorsed, "Cummins receipt filed Nov. 16, 1840."

The Court sustained the demurrer.

Argued, upon points not involved in the decision, by

PIKE, for plaintiff in error:

W. and E. CUMMINS, *Contra :*

DICKINSON, J., delivered the opinion of the Court:

The declaration is in assumpsit, and upon this a writing, "Rec'd April 11, 1832, of Richard C. Byrd, by credit of my accounts and by cash in hand paid, the sum of three hundred and fifty dollars, and which I bind myself to refund to said Byrd, or cause to be placed to his credit on a judgment when obtained against him as security for A. W. Cotton, in favor of Sarah Chandler. Wm. Cummins, attorney for Sarah Chandler."

Cummins held the money subject to the order of Byrd, to be refunded to him if he demanded it, or appropriated to the payment of the judgment if obtained against him. It was for Byrd to determine whether he would wait for the happening of the contingency, or require it to be refunded to him; the latter he could have done at once. But until it shall appear that Cummins was requested to refund the amount received, or place it to Byrd's credit, no right of action can accrue.

There is no averment in the declaration of a special request by Byrd of Cummins; such request is the gist of the action, and must be

averred before any complete right of action can appear from the declaration. *Com. Dig. Plead. C.* 69, 73; 1 *Saund.* 33; 1 *Str.* 88; 5 *T. R.* 409; *Com. Dig. Condition* 10, 11. The general averment "although often requested so to do," being matter of form and not traversable, is not sufficient when actual request is necessary to be stated.

The argument, that the defendant below could not avail himself of the oyer given, is untenable. It was granted by the plaintiff, and the defendant is entitled to take the whole instrument as part of the plaintiff's pleading. *Doug.* 476; 6 *Com. Dig.* 199. Whether there was a variance or not, between the instrument as set out on oyer and the declaration, is wholly immaterial in the decision of the case, as the omission of the averment of special request is fatal on demurrer.

The judgment of the Circuit Court must be affirmed with costs.